UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

|  |  |
|---|---|
| DAVID A. ROSCUM<br>3012 Misty Wood Lane<br>Ellicott City, Maryland  21042-2578<br><br>           Plaintiff,<br><br>v.<br><br>CITIBANK, N.A. f/k/a CITIBANK SOUTH<br>DAKOTA N.A. t/a HOME DEPOT<br>CREDIT SERVICES<br>399 Park Avenue<br>New York, NY 10043<br><br>     Serve On:<br>     The Corporation Trust Incorporated<br>     351 West Camden Street<br>     Baltimore, MD 21201<br><br>           Defendants | Case No. |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, DAVID A. ROSCUM, by his attorneys, Brian S. Jablon and Wellens & Jablon, LLC, files this Complaint against Defendant, CITIBANK, N.A. f/k/a CITIBANK SOUTH DAKOTA N.A. t/a HOME DEPOT CREDIT SERVICES, and states:

### INTRODUCTION

1. This case arises from a credit company's unlawful efforts to collect from a consumer what has become known in the credit industry as a "zombie debt." Realizing that any alleged claim that it had against the consumer was long barred by limitations, the credit company intentionally and maliciously mis-reported the consumer to the three major consumer reporting agencies ("CRAs"), *inter alia*, reporting substantial false information as to the consumer,

unlawfully "re-aging" the account to make it appear that the consumer had recently defaulted on the alleged debt, failing to report that the consumer had disputed the debt years ago and that as a result the credit company had closed the account and stopped sending the consumer statements years ago, and failing to report that any claim was barred by limitations. Upon the consumer's filing disputes with the CRAs pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and upon being notified of the dispute, the credit company failed to undertake any investigation whatsoever, and intentionally and maliciously reported that the information it knew to be false was accurate. As a direct and proximate result of the credit company's willful and malicious actions, the consumer's credit scores have been lowered substantially, the consumer has been denied credit and will be unable to refinance his home at low rates or purchase a car, the character and reputation of the consumer have been substantially harmed, and the consumer has suffered mental anguish, personal humiliation and financial loss.

## PARTIES

2. Plaintiff David A. Roscum ("Roscum") is an individual residing in Ellicott City, Maryland.

3. Defendant, Citibank, N.A. f/k/a Citibank South Dakota N.A. t/a Home Depot Credit Services ("Citi").

## JURISDICTION AND VENUE

4. This cause of action asserts claims arising under the laws of the United States. This Court, therefore, has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in the counties of Maryland located within this judicial district.

**FACTS**

6. In April 2007, Roscum and his wife Patricia Roscum (collectively "the Roscums") entered into contracts with Home Depot Expo Design Center for a remodeling project at Roscum's home. In connection with that contract and on that same date, Roscum opened an account with Home Depot Credit Services, the trade name for Citibank South Dakota N.A. Thereafter, Roscum learned that Home Depot had made substantial material misrepresentations regarding the quality of design and the work, and materially breached the contract, *inter alia*, by failing to properly or construct the project and by otherwise damaging the Roscums' property and causing other damages to the Roscums. In August 2007, the Roscums contacted Citi and informed it that the Roscums disputed that any sums were due on the Home Depot Credit Services account.

7. In or about January 2009, Citi began sending statements to Roscum asserting that that sums were owed and over-due on the Home Depot Credit Services account. The Roscums again stated that they disputed the alleged debt in its entirety and that no sums were due. In response to the Roscums' assertions, Citi discontinued sending account statements to Roscum after August 2009. Since then and continuing until January 2013, Roscum did not receive (and did not expect to receive) any communication from Citi.

8. In the second week of January, 2013, Roscum was shocked to receive a notice ad-dressed from Capital Management Services, LP ("CMS"), stating that CMS had been "engaged by Citibank, N.A. to resolve your delinquent debt with Citibank, N.A." The notice was especially shocking as Roscum had not received any statement or notice regarding any alleged debt since July 2009.

9.      The Roscums immediately called CMS, stated that there was no debt, and that any alleged claim was barred by limitations. The Roscums' counsel followed up with a letter dated January 23, 2013, stating that Roscum was not indebted to Citibank, N.A. for any amount, and Roscum disputed Citibank, N.A.'s claim in full and, in any event, any alleged claim of Citibank, N.A. was long barred by Maryland's statute of limitations. In response to the Roscums' counsel's letter, CMS's representative stated that CMS was closing its file.

10.     Thereafter, Citi, in a punitive and malicious action designed solely to hurt Roscum, issued false reports to the CRAs, Equifax, Experian and TransUnion. Each of said reports not only failed to state the relevant background of the matter, but also stated numerous blatant mistruths regarding the account and re-aged the alleged account balance, reporting that the account was current until June, 2012, became 30 days overdue in July 2012, 60 days overdue in August 2012, 90 days overdue in September 2012, and 120 days overdue in October 2012, 150 days overdue in November 2012, 180 days overdue in December 2012, and thereafter that an unpaid balance was "charged off." The Experian report listed the account as of January 3013 as "KD," meaning "Key Derogatory." Citi failed to report that the consumer had disputed that any sum was due starting in 2007, and Citi failed to report that its alleged claim was barred by Maryland's Statute of Limitations. Pursuant to MD CTS. & JUD. CODE ANN. § 5-101, the statute of limitations as to Citi's alleged debt is three (3) years, and Citi had until 2010 to file suit against Roscum. Citi failed to do so, and the statute of limitations for Citi expired in 2010. In misreporting the status of the account, Citi intentionally and maliciously created the impression that Roscum had recently defaulted on the account and did not dispute the account.

11.     On March 24, 2013, and in accordance with the FCRA, Roscum duly sent letters. certified mail, return receipt requested, to the three (3) CRAs disputing the Citi's falsely reported

4

information. Said dispute letters were received by the CRAs, and the CRAs, in accordance with the FCRA, each transmitted Roscum's dispute letters to Citi.

12. Citi received each of the CRAs transmissions of Roscum's dispute. Instead of undertaking the investigation required by the FCRA, Citi, with malice and the intent to continue harming Roscum, performed no investigation whatsoever and falsely confirmed to the CRAs that the information it had reported was accurate.

13. Citi's actions, taken years after the asserted debt, had no apparent purpose other than to harass and embarrass Roscum. There was no logical explanation for HDSC to fail to report any asserted default at the time it allegedly occurred and then years later to report a default.

14. As a direct and proximate result of Citi's false reporting and failures to correct the falsely reported information, Roscum's credit scores have been lowered substantially, Roscum has been denied credit and will be unable to refinance his home at low rates or purchase a car, Roscum's character and reputation have been substantially harmed, and Roscum has suffered mental anguish, personal humiliation and financial loss.

15. HDSC's actions constitute violations of the Fair Credit Reporting Act and further amount to purposeful and malicious defamation of Roscum's character.

16. Plaintiff Roscum realleges the averments of the preceding paragraphs of Complaint and incorporates them herein by reference.

### COUNT I – VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681s-2(b)

17. Paragraphs 1 through 16 of this Complaint are repeated and incorporated herein as if set forth in their entirety.

18.     The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies and special agencies (such as agencies that sell information about check writing histories, medical records, and rental history records).

19.     Plaintiff Roscum meets the definition of a "consumer" under the FCRA. 15 U.S.C. § 1681a.

20.     Defendant Citi meets the definition of a "furnisher of credit information" under the FCRA. 15 U.S.C. § 1681s-2.

21.     Defendant Citi, as a furnisher of credit information to credit reporting agencies, owed a duty to plaintiff Roscum to report accurate information to consumer reporting agencies, to maintain and follow reasonable procedures to report and investigate disputes of information reported, to investigate disputed information, and to correct inaccurate information.  The FCRA requires that, upon notice of a dispute, defendant Citi, as the furnisher of credit information to credit reporting agencies, must: (A) Conduct an investigation with respect to the disputed information; (B) Review all relevant information provided by the consumer  (C) Report the results of the investigation to the consumer reporting agency; (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation promptly- (i) Modify that item of information; (ii) Delete that item of information; or (iii) Permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b).

22. To this end, FCRA requires CRAs to follow procedures in reporting and correcting consumer credit information that both "meet[] the needs of commerce" and are "fair and equitable to the consumer." 15 U.S.C.A. § 1681(b).

23. The FCRA further requires furnishers to determine whether the information that they previously reported to a CRA is "incomplete or inaccurate." § 1681s-2(b)(1)(D) (emphasis added). Accordingly furnishers are required to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading. Pursuant to the law as recognized in this Circuit, a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression. Further a credit report is not accurate when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.

24. As alleged *supra*, March 24, 2013, and in accordance with the FCRA, Roscum duly sent letters. certified mail, return receipt requested, to the three (3) CRAs disputing Citi's falsely reported information. Said dispute letters were received by the CRAs, and the CRA's, in accordance with the FCRA, each transmitted Roscum's dispute letters to Citi.

25. As stated *supra*, Citi received each of the CRAs transmissions of Roscum's dispute.

26. Defendant Citi breached its statutory duties as instead of undertaking the investigation required by the FCRA, Citi, with malice and the intent to continue harming Roscum, performed no investigation whatsoever and falsely confirmed to the CRAs that the information it had reported was accurate. Citi breached the FCRA by furnishing inaccurate, incomplete, and adverse information to a credit reporting agency about plaintiff Roscum; failing to investigate or reinvestigate plaintiff Roscum's dispute; failing to conduct a reasonable investigation or to

reinvestigate its original report for completeness and accuracy; failing to correct inaccurate, incomplete, and adverse information it furnished to a credit reporting agency; failing to correct plaintiff's credit reports; allowing false information to remain on plaintiff's credit reports; failing to correct information creating a materially misleading impression; and failing to correct inaccuracies that were misleading to the extent that Citi expected to have an adverse effect.

27. Defendant Citi acted with malice and with a reckless and willful disregard of its statutory duty by not correcting clearly erroneous and materially misleading information it reported to a credit reporting agency, knowing that such information was untrue and materially misleading.

28. Defendant Citi's breaches of its duties and violations of 15 U.S.C. § 1681s-2(b) proximately caused Plaintiff Roscum to suffer substantial damages, as Roscum's credit scores have been lowered substantially, Roscum has been denied credit and will be unable to refinance his home at low rates or purchase a car, the character and reputation of Roscum have been substantially harmed, and Roscum has suffered and will continue to suffer mental anguish, personal humiliation and financial loss.

WHEREFORE plaintiff, Roscum, demands judgment against defendant Citi, including an award of compensatory damages in an amount to be determined at trial but believed to exceed $100,000.00, an award of punitive damages in an amount to be determined at but believed to exceed $500,000, plus his costs in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1681, *et. seq.*, and such further relief as justice requires.

**COUNT II – DEFAMATION**

29. Paragraphs 1 through 28 of this Complaint are repeated and incorporated herein as if set forth in their entirety.

30. As detailed supra, Defendant Citi intentionally and maliciously reported and failed to correct substantial false and defamatory information regarding Plaintiff Roscum to the three major consumer reporting agencies.

31. Defendant Citi acted with knowledge of the falsity of its reports and with actual malice and with the intent to harm Roscum.

32. As a direct and proximate result of the false and defamatory reports by Citi, Roscum has suffered substantial damages, as Roscum's credit scores have been lowered substantially, Roscum has been denied credit and will be unable to refinance his home at low rates or purchase a car, the character and reputation of Roscum have been substantially harmed, and Roscum has suffered and will continue to suffer mental anguish, personal humiliation and financial loss.

WHEREFORE plaintiff, Roscum, demands judgment against defendant Citi, including an award of compensatory damages in an amount to be determined at trial but believed to exceed $100,000.00, an award of punitive damages in an amount to be determined at but believed to exceed $500,000, plus his costs in this action, including reasonable attorneys' fees, and such further relief as justice requires.

Respectfully Submitted,

/s/
Brian S. Jablon, Bar #11174
WELLENS & JABLON, LLC
540 BA Blvd., Suite #2
Severna Park, Maryland 21146
Phone: (410) 647-1493
Bjablon@WellensLaw.com

## **JURY TRIAL DEMAND**

Plaintiff, DAVID A. ROSCUM, demands a trial by jury in this case.

                                                                    /s/
                                     Brian S. Jablon, Bar #11174